**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Philip A. Brimmer**

Civil Action No. 25-md-03160-PAB-TPO

MDL No. 3160

IN RE ARCHERY PRODUCTS ANTITRUST LITIGATION

This document relates to:

INDIRECT PURCHASER PLAINTIFFS

---

**INDIRECT PURCHASER PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM
CLASS COUNSEL AND RECOMMENDED ORGANIZATIONAL STRUCTURE**

---

*In re Archery Products Antitrust Litigation* consolidates for pre-trial purposes distinct class actions brought by direct and indirect purchasers of Archery Equipment, each with their own counsel. On behalf of indirect purchaser plaintiffs ("IPPs"), Plaintiff Montpetit filed his Complaint in the Western District of Wisconsin on August 5, 2025, and Plaintiff Tapia filed his Complaint in the Western District of Texas on November 10, 2025. Montpetit v. Hoyt Archery, Inc., et al., Case No. 3:25-cv-00653 (W.D. Wis.), ECF No. 1; Tapia v. Archery Trade Association et al., Case No. 5:25-cv-01462 (W.D. Tex.), ECF No. 1. Montpetit and Tapia respectfully request that their counsel, Amanda M. Williams and Casey D. Marshall of Bassford Remele, P.A., and Michael Montaño and Francisco "Frank" Guerra IV of Guerra LLP, respectively ("Moving Counsel"), be appointed Interim Class Counsel for the putative IPP Class under Federal Rule of Civil Procedure 23(g)(3).

**I.    BACKGROUND**

Plaintiffs allege that defendant Archery Equipment manufacturers, distributors, and

1

retailers, among others, conspired to raise and stabilize the prices charged to consumers by establishing retail price floors and punishing any market participants who failed to adopt or enforce them. Defendants' scheme allows them to charge and maintain supra-competitive prices without fear of price competition. The conspiracy had antitrust impact on all purchasers of archery equipment, including indirect purchasers. Montpetit's and Tapia's Complaints are both limited to indirect purchasers. The Montpetit Complaint defines the IPP class as:

> Any person in the United States who indirectly purchased Archery Equipment from the named Defendants or any of their co-conspirators at any time between January 1, 2014, and the present.

The Tapia Complaint defines the IPP class as:

> Any natural person or entity in the United States or its territories who indirectly purchased Archery Equipment from the named Defendants, any Archery Trade Association member, or any of their co-conspirators at any time during the Class Period.[1]

These definitions are substantially the same and would be fully reconciled upon the filing of any consolidated class action complaint.

Although the Montpetit and Tapia Complaints include similar allegations to those in the direct purchasers' complaints, Montpetit and Tapia seek to represent a discrete group of IPPs and thus seek independent appointment of leadership to represent the interests of that class. Nonetheless, proposed counsel for the IPPs have been coordinating and will continue to coordinate with counsel for the proposed direct purchaser plaintiff ("DPP") class. Further, Moving Counsel for the IPPs support the DPPs'

---

[1] The Tapia Complaint separately defines the class period as January 1, 2014, to present.

2

parallel motion for appointment as interim class counsel, just as counsel for the DPPs support this Motion and Recommended Organizational Structure.

Montpetit and Tapia propose the following leadership structure for this matter:

### CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS[2]

| *Bassford Remele, P.A.* | *Guerra LLP* |
|---|---|
| Amanda M. Williams | Frank Guerra |
| Casey D. Marshall | Michael Montaño |

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The purpose of appointing interim counsel is to achieve "efficiency and economy without jeopardizing fairness to the parties." Federal Judicial Center, Manual for Complex Litigation, § 10.221 (4th ed. 2010) (hereinafter "Manual"). When "there are a number of overlapping, duplicative, or competing suits…designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating a settlement." *Id.* at § 21.11. Appointing interim counsel also promotes efficiency by clarifying leadership, thereby abrogating any confusion about who represents each class—an issue that can often arise when consolidating numerous filings. *Chen v. Target Corp.*, 2021 WL 6063632, at *2 n.1 (D. Minn. Dec. 22, 2021).

---

[2] IPPs do not anticipate the need for a plaintiffs' steering committee or liaison counsel for their portion of the case.

3

Rule 23(g) sets forth four considerations for the Court to evaluate in choosing interim class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). No single factor is dispositive. See Fed. R. Civ. P. 23 advisory committee's note (2003 Amendments). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Sometimes courts look to the order in which complaints are filed or the scope of the litigation. *See, e.g.*, *Kramer v. Alterra Mountain Company*, No. 20-cv-01057-RM-SKC, 2020 WL 4429386 *2 (D. Colo. July 31, 2020) (considering order of filing when determining who among group of applicants to appoint on an interim basis). But ultimately this appointment is within the broad discretion of the Court. *Id.*

### III.   ARGUMENT

As evidenced below, Amanda M. Williams and Casey D. Marshall of Bassford Remele, P.A., and Michael Montaño and Frank Guerra of Guerra LLP satisfy Rule 23(g) and will more than "fairly and adequately represent the interests of the [IPP] class." Fed. R. Civ. P. 23(g)(4). Further, Moving Counsel will execute their duties faithfully and work towards a streamlined, efficient resolution of this dispute. They will, consistent with the duties in the Manual, work to present arguments to the Court, communicate with Defendants, conduct discovery, and meet all other pretrial, trial, and post-trial obligations to the proposed class and to the Court. See Manual, § 10.221. Finally, designating interim

class counsel for the IPPs will facilitate coordination with the DPPs and streamline the prosecution of this litigation.

**A.      Rule 23(g)(1)(A)(i): Moving Counsel has diligently researched Plaintiffs' claims.**

With respect to Rule 23(g)(1)(A)(i)'s consideration of "the work counsel has done identifying or investigating potential claims in the action," Bassford Remele, P.A. and Guerra LLP have invested significant time and resources into this litigation, including investigating the background facts related to the industry and the Defendants' conduct, interviewing potential expert witnesses, working with their clients to develop the facts of their cases, and preparing the Montpetit and Tapia Complaints. The thoroughness of these Complaints reflects their drafters' diligence, and Bassford Remele, P.A., and Guerra LLP anticipate filing an even more robust consolidated class action complaint if permitted.

**B.      Rule 23(g)(1)(A)(ii–iii): Moving counsel is highly qualified, both by experience and knowledge, in antitrust and complex litigation.**

With respect to Rule 23(g)(1)(A)(ii-iii), Moving Counsel are highly experienced in handling complex litigation, including numerous class actions, and are well-positioned to represent the putative IPP class. Specifically, Moving Counsel have been involved in numerous multi-district litigations and class actions and are well-versed in antitrust and consumer protection law. Moving Counsel's qualifications to lead this action on behalf of IPPs are evident from the list of cases they have handled during their combined 68 years of practice.

1.      **Bassford Remele, P.A.**

<u>Amanda M. Williams</u>. Amanda M. Williams brings deep experience in class-action and complex-litigation matters to this case. She serves as Chair of the Complex Litigation Practice Group at Bassford Remele, P.A., and has devoted the bulk of her two decades of practice to consumer protection, product liability, and antitrust class actions. She has held leadership roles in high-profile antitrust and mass tort efforts—including a nationwide class action against the National Collegiate Athletic Association and claims brought by over 250,000 individuals in a multi-billion-dollar settlement of ear-plug litigation. Her track record demonstrates her ability to manage the complex coordination, discovery, motion practice, settlement negotiation and appellate strategy that hallmark successful large-scale litigation.

Ms. Williams has served on plaintiff steering committees, trial teams, and in other leadership roles in large-scale litigation throughout the United States. For example, Ms. Williams served in leadership for *In re 3M Combat Earplug Litigation*, File No. 27-cv-19-19916 (Hennepin Cty.), that was venued in Minnesota State Court and reached a global settlement of $6 billion. She was a member of the trial team in the *In re Syngenta MIR 162 Corn Seed Litigation*, which, after several trials, ultimately resulted in a settlement of over $1.5 billion for corn farmers throughout the United States. Most recently, Ms. Williams helped a settlement of over $300 million in *Colón et al. v. National Collegiate Athletic Association*, Case No. 1:23-cv-00425 (E.D. Cal.), on behalf of hundreds of collegiate assistant coaches throughout the nation. *See,* https://www.bassford.com/people/amanda-m-williams.

<u>Casey D. Marshall</u>. Casey D. Marshall leads Bassford Remele's Business & Commercial Litigation Practice Group, co-chairs the Trust and Estate Litigation Practice Group, and serves on the firm's Board of Directors, demonstrating both leadership and broad litigation oversight. His substantive experience spans complex commercial disputes, shareholder and securities litigation, and trust and estate conflicts in probate, state, federal, and appellate fora. His leadership roles, multifaceted litigation background, and strong professional standing make him a compelling choice for guiding complex, high stakes matters as lead counsel.

Mr. Marshall played a critical role as part of the leadership team in both the class and individual actions *In Re: Syngenta AG MIR162 Corn Seed Litigation*. Further, he was an integral member of the trial team in that case and has tried over ten cases to verdict. He is currently involved on the defense side of a large MDL venued in the U.S. District Court for the District of Minnesota, *In re Cattle and Beef Antitrust Litigation*, MDL No. 3031 (D. Minn.), evincing his experience and knowledge on both sides of the aisle. *See,* https://www.bassford.com/people/casey-d-marshall.

### 2. Guerra LLP

<u>Frank Guerra</u>. Frank Guerra is the founder and managing partner of Guerra LLP, which he has helmed since 2001. Widely regarded as one of the nation's preeminent trial lawyers, Mr. Guerra is a 2020 inductee into the American Board of Trial Advocates and over the last three decades has tried well over fifty cases of all types to verdict. He has also litigated, mediated, and arbitrated cases throughout the United States. As relevant here, Mr. Guerra has been co-lead counsel in numerous mass tort and class action cases

and is proposed co-lead counsel for indirect cattle sellers *In re Cattle and Beef Antitrust Litigation*, Case No. 20-cv-01319 (D. Minn.) (motion for class certification and appointment of counsel pending). *See,* https://guerrallp.com/attorneys/francisco-frank-guerra.

Michael Montaño. Michael Montaño leads Guera LLP's complex practice group. With a focus on antitrust, consumer protection, and whistleblower law, Michael represents clients in trial and appellate courts throughout the United States. Relevantly representative matters include *In re Cattle and Beef Antitrust Litigation*, Case No. 20-cv-01319 (D. Minn.) (a price-fixing monopsony case in which Mr. Montaño represents a proposed class of hundreds of thousands of indirect cattle sellers), *De León v. Solar Mosaic LLC*, Case No. 3:24-cv-04081-VC (N.D. Cal.) (a financial fraud case in which Mr. Montaño represents a proposed class of approximately 1 million borrowers), *Van Diest et al. v. Tesla, Inc.*, Case No. 23-cv-4098 (N.D. Cal.) (in which Mr. Montaño represents thousands of Tesla owners alleging Tesla overstated the driving range of its vehicles), and, at his prior firm, *In re Domestic Airline Travel Litigation*, Case No. 15-mc-1404 (D.D.C.), *In re Qualcomm Antitrust Litigation*, Case No. 17-md-02773 (N.D. Cal.), and *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 4:07-cv-05944 (N.D. Cal.) (all price-fixing cases). Michael is an active member of the antitrust bar and his legal scholarship and commentary have appeared in *The Stanford Law Review* and *The Daily Journal*. *See,* https://guerrallp.com/attorneys/michael-montano.

**C.    Rule 23(g)(1)(A)(iv): Moving Counsel is committed to this litigation and will devote all necessary resources to its success.**

With respect to Rule 23(g)(1)(A)(iv), as they have in prior appointments,

8

Moving Counsel will dedicate all the financial, attorney, and support staff resources necessary to represent the proposed IPP class. With over fifty lawyers at Bassford Remele, P.A., and over twenty-five lawyers at Guerra LLP, Moving Counsel are well-positioned to ensure appropriate staffing of this litigation to represent the proposed Indirect Purchaser Class.

### D. Rule 23(g)(1)(B): Moving Counsel have been coordinating with Proposed Interim Co-Lead Counsel for the DPP Class.

With respect to Rule 23(g)(1)(B)'s invitation to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," Moving Counsel would highlight their history of careful alliance-making in complex litigation, generally, and their collegial and cooperative relationship with interim co-lead counsel for the DPP class, specifically.

For example, Messrs. Montaño and Guerra regularly coordinate all aspects of *In re Cattle and Beef Antitrust Litigation*, Case No. 20-cv-01319 (D. Minn.), with dozens of other attorneys across five proposed classes and with law firms for four defendants. Similarly, *In re Syngenta MIR 162 Corn Seed Litig.,* Ms. Williams and Mr. Marshall worked to coordinate dozens of law firms on the plaintiff side in parallel state and federal court actions with multiple defense firms on the same case to maintain communication and efficiency in a complex matter.

With respect to this case, Moving Counsel is committed to working together and coordinating with the DPPs' interim class counsel to avoid duplication and conserve judicial and party resources. Indeed, for purposes of both consolidation in this Court as well as meeting-and-conferring with defense counsel, Moving Counsel have already been

9

coordinating with proposed interim co-lead counsel for the DPP class. These efforts have proceeded smoothly, and Moving Counsel intend to continue coordinating with the DPPs' counsel for the efficient and expeditious litigation of all claims in this consolidated class action.

Moving Counsel would also highlight their deep experience managing complex discovery, including ESI.

## IV.     CONCLUSION

For the foregoing reasons, Moving Counsel will fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4). Accordingly, Montpetit and Tapia respectfully request that the Court grant this Motion, adopt Plaintiffs' unopposed Recommended Organizational Structure, and appoint Moving Counsel as interim class counsel for the proposed IPP class.

Dated: November 13, 2025

Respectfully submitted:

**BASSFORD REMELE, P.A.**

/s/ Amanda M. Williams
Amanda M. Willliams
Casey D. Marshall
100 South Fifth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
Email:  awilliams@bassford.com
            cmarshall@bassford.com

*Counsel for Plaintiff Brock Montpetit*