IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-md-03160-PAB-TPO

MDL No. 3160

IN RE ARCHERY PRODUCTS ANTITRUST LITIGATION

---

### ORDER NO. 3 – APPOINTMENT OF PLAINTIFF LEADERSHIP

---

This matter is before the Court on the Direct Purchaser Plaintiffs' Recommended Organizational Leadership Structure [Docket No. 79] and Indirect Purchaser Plaintiffs' Motion for Appointment of Interim Class Counsel and Recommended Organizational Structure [Docket No. 82].

Federal Rule of Civil Procedure 23(g) provides that, in appointing class counsel, the Court:

> (A) must consider(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class; [and] (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

Fed. R. Civ. P. 23(g)(1). "MDL transferee judges, who must appoint plaintiff leadership at the outset of the proceedings, have often adopted the Rule 23(g) factors as qualifications for leadership roles." *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, 2018 WL 4200315, at *4 (D.N.M. Aug. 31, 2018) (citation omitted).

The Direct Purchaser Plaintiffs[1] propose the following leadership structure to represent the class of Direct Purchasers: Hausfeld LLP, Kesselman Brantly Stockinger LLP, DiCello Levitt LLP, and Freed Kanner London & Millen LLC as Interim Co-Lead Class Counsel; Olson Grimsley Kawanabe Hinchcliff & Murray LLC as Liaison and Trial Counsel; and Lockridge Grindal Nauen PLLP, Gustafson Gluek PLLC, Zimmerman Reed LLP, and Paul LLP as the Steering Committee.  Docket No. 79 at 1.  The Court finds that the Direct Purchaser Plaintiffs' proposed leadership structure satisfies the Rule 23(g) factors.  The proposed firms have spent significant time investigating the claims in this action.  Hausfeld and Kesselman Brantly, having spent 450 hours in preparation, filed the first complaint in this action, *Santarlas v. Hoyt Archery, Inc.*, Case No. 25-cv-00436 (D. Utah).  Docket No. 79 at 7.  The remaining members of the proposed leadership structure have each conducted independent investigations, resulting in new allegations and new defendants.  *See id*.  The Court finds that proposed counsel have the experience and knowledge, in both complex litigation and antitrust matters, necessary to efficiently prepare these cases for trial and have the resources necessary to effectively litigate this case.  *See id.* at 7-12; Docket Nos. 79-2–10.  Furthermore, the Court finds that the proposed leadership structure, comprised of co-lead counsel, liaison counsel, and a steering committee, will achieve efficiency, economy, and fairness on behalf of the class of Direct Purchasers.

---

[1] The Direct Purchaser Plaintiffs' cases are listed in Exhibit A, which is attached to the Direct Purchaser Plaintiffs' motion.  *See* Docket No. 79-1.

The Indirect Purchaser Plaintiffs[2] propose that Bassford Remele, P.A. and Guerra LLP serve as Co-Lead Counsel for the class of Indirect Purchasers. Docket No. 82 at 3. The Court finds that the Indirect Purchaser Plaintiffs' proposed leadership structure satisfies the Rule 23(g) factors. In preparation for filing the *Montpetit* and *Tapia* complaints, Bassford Remele, P.A. and Guerra LLP, "invested significant time and resources into this litigation, including investigating the background facts related to the industry and the Defendants' conduct, [and] interviewing potential expert witnesses, working with their clients to develop the facts of their cases." *See id*. at 5. Proposed Co-Lead Counsel have the experience and knowledge, in both complex litigation and antitrust matters, necessary to efficiently prepare these cases for trial. *See id*. at 5-8. The Court agrees that proposed counsel are "well-positioned to ensure appropriate staffing of this litigation to represent the proposed Indirect Purchaser Class." *See id.* at 9.

Furthermore, the Court finds that approval of plaintiffs' proposed leadership structure is supported by the fact the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs have agreed on the leadership structure and have been successful in coordinating litigation efforts to date. Designated counsel shall comply with the duties as set forth in the Manual for Complex Litigation, Fourth Edition, § 40.22.

Therefore, it is

**ORDERED** that the Direct Purchaser Plaintiffs' Recommended Organizational Leadership Structure [Docket No. 79] is **ACCEPTED**. It is further

---

[2] The Indirect Purchaser cases are *Montpetit v. Hoyt Archery, Inc.*, Case No. 25-cv-03455-PAB-TPO (D. Colo.), and *Tapia v. Archery Trade Ass'n*, *C*ase No. 25-cv-01462 (W.D. Tex.), which has not been transferred to this MDL yet. Docket No. 82 at 1.

**ORDERED** that Indirect Purchaser Plaintiffs' Motion for Appointment of Interim Class Counsel and Recommended Organizational Structure [Docket No. 82] is **GRANTED**. It is further

**ORDERED** that Hausfeld LLP, Kesselman Brantly Stockinger LLP, DiCello Levitt LLP, and Freed Kanner London & Millen LLC are designated as Interim Co-Lead Counsel on behalf of the Direct Purchaser Plaintiffs. It is further

**ORDERED** that Olson Grimsley Kawanabe Hinchcliff & Murray LLC is designated as Liaison and Trial Counsel on behalf of the Direct Purchaser Plaintiffs. It is further

**ORDERED** that Lockridge Grindal Nauen PLLP, Gustafson Gluek PLLC, Zimmerman Reed LLP, and Paul LLP are designated as the Steering Committee for the Direct Purchaser Plaintiffs. It is further

**ORDERED** that Bassford Remele, P.A. and Guerra LLP are designated as Co-Lead Counsel on behalf of the Indirect Purchaser Plaintiffs.

DATED November 21, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge