UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-md-03160-PAB-TPO

MDL No. 3160

IN RE ARCHERY PRODUCTS ANTITRUST LITIGATION

---

### DEFENDANT JAY'S OUTDOORS LLC'S MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' COMPLAINT (ECF 110) FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

---

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) and 28 U.S.C. § 1406(a), Defendant Jay's Outdoors LLC ("Jay's")[1] moves to dismiss Indirect Purchaser Plaintiffs' ("IPP") *Consolidated Class Action Complaint* (ECF 110) ("IPPC") as to Jay's for the following reasons.[2]

### I.    SUMMARY

Despite Jay's being a small, family-owned outdoor retailer with just two stores in Michigan, IPPs sued Jay's only in the Western District of Wisconsin and the Western District of Texas ("Transferor Courts"). IPPs do not even try to allege facts to establish that either of those courts has personal jurisdiction over Jay's under the traditional due process requirements for personal jurisdiction.

Instead, IPPs assert personal jurisdiction only under the special jurisdiction provision for antitrust cases found in Section 12 of the Clayton Antitrust Act ("Clayton Act") [15 U.S.C. § 22].

---

[1] Indirect Purchaser Plaintiffs incorrectly named Jay's Sporting Goods, Inc. as the defendant. That entity no longer exists or does business. Jay's Outdoor LLC is the correct entity.

[2] Jay's informed IPPs by e-mail on November 25, 2025 and December 3, 2025—before they filed their IPPC—that Jay's would challenge personal jurisdiction via a 12(b)(2) motion. On January 29, 2026, Jay's requested that IPPs meet and confer about the jurisdictional defect. IPPs did not respond or attempt to cure the jurisdictional defect.

IPPC ¶ 25. "In adopting § 12, Congress was not willing to give plaintiffs free rein to haul defendants hither and yon at their caprice." *United States v. Nat'l City Lines, Inc.*, 334 U.S. 573, 588 (1948). Indeed, under the majority view of Section 12—routinely followed in the Transferor Courts' districts—courts cannot obtain Section 12 personal jurisdiction unless and until the plaintiff first establishes Section 12 venue. Here, (1) IPPs' allegations fail to establish Section 12 venue in the Transferor Courts; (2) the Transferor Courts therefore lack Section 12 personal jurisdiction over Jay's; (3) IPPs also fail to show that either of the Transferor Courts has personal jurisdiction over Jay's under the traditional due process requirements; and (4) IPPs also fail to show venue is proper in either court under the traditional venue statute, 28 U.S.C. § 1391. Those failures require full dismissal of the IPPC as to Jay's.

## II.    STATEMENT OF FACTS

Jay's is a small, family-owned, outdoor sporting goods retailer incorporated and based in Michigan. IPPC ¶ 17. Jay's has only two stores, both in northern Michigan. *Id.* Jay's also has a publicly accessible website. *Id.* Despite Jay's Michigan-only presence, IPPs sued Jay's in the U.S. District Courts for the Western District of Wisconsin and the Western District of Texas. *Montpetit v. Hoyt Archery, Inc., et al.*, Case No. 3:25-cv-00653 (W.D. Wis.); *Tapia v. Archery Trade Association et al.*, Case No. 5:25-cv- 01462 (W.D. Tex.). None of the named IPPs resides in Michigan or alleges having purchased archery products from Jay's, or even in Michigan. *See id.* ¶¶ 4-5. The *Montpetit* and the *Tapia* actions were consolidated in this Court for pretrial proceedings. *See* ECF No. 27 (*Montpetit*); ECF No. 106 (*Tapia*).

## III.    LEGAL STANDARD

On a motion to dismiss, "the plaintiff has the burden" of establishing personal jurisdiction. *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022). Absent an evidentiary hearing, the plaintiff must make a "prima facie case of personal jurisdiction" based solely on the complaint and other written materials submitted to the Court. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*,

4908-0052-6987

877 F.3d 895, 900, 903 (10th Cir. 2017) ("a plaintiff may satisfy its prima facie burden by submitting an 'affidavit or other written materials [containing] facts that if true would support jurisdiction over the defendant'") (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)). Plaintiffs must make this case "as to each defendant" individually. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

## IV.    **ARGUMENT**

### A.    **Jurisdiction and Venue Must Exist in the Transferor Courts**

"Jurisdiction in any federal civil action *must* exist in the district where it is filed. This does not change when an action is transferred under Section 1407." *In re Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1380 (J.P.M.L. 2020). Accordingly, personal jurisdiction is determined by reference to the law of the transferor forum. *See In re Plumbing Fixtures Litig.*, 342 F. Supp. 756, 758 (J.P.M.L. 1972). In interpreting federal law, however, some courts apply their "own Circuit's cases ..." *AER Advisors, Inc. v. Fid. Brokerage Servs., LLC*, 921 F.3d 282, 288, 288 n. 5 (1st Cir. 2019). The Tenth Circuit has not interpreted Section 12. Therefore, the Court should follow the majority approach—including the law of the Western Districts of Wisconsin (Seventh Circuit) and Texas (Fifth Circuit)—to decide those courts lack personal jurisdiction over Jay's.

### B.    **IPPs Have Not Made a Prima Facie Case for Venue or Jurisdiction Under Section 12 of the Clayton Act**

#### 1.    *The Majority Approach to Section 12—Followed in the Transferor Courts' Districts—Requires Section 12 Venue to Be Established Before Section 12 Personal Jurisdiction Becomes Available*

IPPs assert personal jurisdiction only under Section 12 of the Clayton Act [15 U.S.C. § 22]. IPPC ¶ 25. Section 12 states:

> Any suit, action, or proceeding under the antitrust laws against a corporation [1] may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and [2] all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

3

4908-0052-6987

15 U.S.C. § 22. Section 12's "first clause sets venue anywhere the corporation is an 'inhabitant,' is 'found,' or 'transacts business,'" while the second clause provides for nationwide … service of process and therefore nationwide personal jurisdiction." *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013).

However, the majority of circuit courts—including the Second, Seventh (in which Wisconsin sits), and D.C. Circuits—hold that "Section 12 must be read as a package deal. To avail oneself of the privilege of nationwide service of process [and nationwide personal jurisdiction], a plaintiff must" first show that the court is a proper venue because the defendant "inhabit[s,]" is "found," "or transacts business" in the district. *Id.* at 730; *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 423 (2d Cir. 2005) (affirming dismissal for lack of jurisdiction and holding "the plain language of Section 12 indicates that its service of process provision applies (and, therefore, establishes personal jurisdiction) only in cases in which its venue provision is satisfied"); *GTE New Media Servs. v. BellSouth Corp.*, 339 U.S. App. D.C. 332, 340 (2000) (similar). Under the majority approach, a plaintiff that fails to satisfy both parts of Section 12 must establish personal jurisdiction under the traditional "minimum contacts" analysis. *KM Enters.*, 725 F.3d at 732.[3]

The Fifth Circuit (where Texas sits) has not decided the issue, but district courts in Texas routinely follow the majority approach. *See Rumble, Inc. v. World Fed'n of Advertisers*, No. 7:24-CV-0115-B, 2025 WL 2345076, at *9, 16 (N.D. Tex. Aug. 13, 2025) (granting motion to dismiss

---

[3] Only the Third and Ninth Circuits follow the minority approach. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1179-80 (9th Cir. 2004); *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 296-97 (3d Cir. 2004). But even in the Third Circuit, the minority interpretation "has never been applied to establish personal jurisdiction over a domestic antitrust defendant" like Jay's. *Radio Music License Comm., Inc. v. Glob. Music Rts., LLC*, No. CV 16-6076, 2019 WL 1437981, at *21 (E.D. Pa. Mar. 29, 2019) (holding that plaintiff "may not utilize § 12 of the Clayton Act to establish jurisdiction. If it could, any domestic corporation subject to the antitrust laws would be subject to general jurisdiction in any state in the nation based on its contacts with the United States as a whole.") (citing *In re Auto. Refinishing*, 358 F.3d at 293)).

4

for lack of personal jurisdiction and venue and holding "Section 12 … only authorizes nationwide personal jurisdiction if the statute's special venue provision is satisfied"); *Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F. Supp. 2d 520, 531 (N.D. Tex. 2001) (granting motion to dismiss for lack of personal jurisdiction and finding "the approach taken by the D.C. and Second Circuits to be the more reasonable not only in light of the structure and wording of the statute, but also because the alternate reading leads to nonsensical results").

The majority approach to Section 12 also is the better approach.[4] The minority interpretation renders Section 12's venue provision meaningless. *KM Enters.*, 725 F.3d at 729. Thus, every federal court would have personal jurisdiction under Section 12 and thereby venue under 28 U.S.C. 1391(c)(2). *Id.* (citing 28 U.S.C. § 1391(c)(2)). This is an absurd result and inconsistent with Congress's intent. *Nat'l City Lines*, 334 U.S. at 588 ("In adopting § 12 Congress was not willing to give plaintiffs free rein to haul defendants hither and yon at their caprice.").

Accordingly, the Court should apply the majority rule that: (1) is binding on the Wisconsin Transferor Court; (2) is routinely followed by district courts in the Texas Transferor Court's jurisdiction; (3) preserves both parts of Section 12; (4) furthers Congress's intent in passing Section 12; and (5) avoids the absurd result of hauling defendants "hither and yon" with caprice.

### 2. IPPs Fail to Make a Prima Facie Case for Venue under Section 12, and Therefore Cannot Establish Personal Jurisdiction under Section 12

IPPs' Complaint does not make a prima facie case for venue under Section 12. To do so, IPPs must show that Jay's "inhabit[s]", is "found," or "transacts business" in the Western Districts of Wisconsin and Texas. 15 U.S.C. § 22. Jay's is incorporated and located only in Michigan. IPPC ¶ 17. Thus, Jay's does not "inhabit" and is not "found" in Texas or Wisconsin. *See* 15 U.S.C. § 22. Accordingly, only the broadest test, "transacts business," could be relevant here, though IPPs'

---

[4] No Circuit Court has adopted the minority interpretation in over twenty years. The Tenth Circuit has not decided the issue.

4908-0052-6987

limited allegations fail even under that test. The Supreme Court interprets "transacts business" as "doing or carrying on business 'of any substantial character.'" *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948).

IPPs' allegations do not show Jay's "transact[ed] business" at all in the Western Districts of Wisconsin or Texas. Again, Jay's is a small retailer incorporated and found only in Michigan. IPPC ¶ 17. There are no allegations Jay's transacted any business, let alone "substantial" business, anywhere in Wisconsin or Texas. *See id.* Instead, IPPs allege that, like most businesses, Jay's has a website. *Id.* But "operation of a website that is equally accessible in the forum state as elsewhere is [not] enough to confer jurisdiction[.]" *Indus. Models, Inc. v. SNF, Inc.*, No. 14 C 8340, 2015 WL 2399089, at *4 (N.D. Ill. May 18, 2015) (finding defendant, despite having a website, did not "transact business" in the forum and granting motion to dismiss); *GTE*, 199 F.3d at 1350 (holding that plaintiffs' ability to access, in the forum district, a website allegedly created by the defendants' antitrust conspiracy does not "somehow [constitute] 'transacting business' in the District"); *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 52 (D.D.C. 2003) (finding the court lacked personal jurisdiction over defendants and holding "District residents [] contract[ing] with [defendant] over its website at some point simply do[es] not demonstrate a systematic and continuous contact with the forum").

IPPs also allege a May 2018 ATA Retail Council meeting near Alma, Wisconsin. IPPC ¶ 106. IPPs do not allege, however, that Jay's attended this meeting. *See id.* Even if the Court credited IPPs with such an inference, a single meeting does not constitute "transacting business." *See Dale v. Deutsche Telekom AG*, No. 1:22-CV-03189, 2023 WL 7220054, at *5 (N.D. Ill. Nov. 2, 2023) (granting antitrust defendant's motion to dismiss for lack of personal jurisdiction and improper venue and holding that "present[ing] at a 2022 M&A conference" does not constitute "transacting business"); *Hansen v. Nw. Univ.*, No. 24 C 9667, 2025 WL 2731378, at *5 (N.D. Ill. Sept. 24, 2025) (granting antitrust defendants' motion to dismiss for lack of personal jurisdiction

4908-0052-6987

and noting that "conduct[ing] [] a program for its members in that district" does not qualify as "transacting business"); *In re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d 219, 231 (S.D.N.Y. 2019) (granting motion to dismiss for lack of personal jurisdiction and improper venue and holding that "[a]ttending one bond conference in New York is not evidence of "carrying on business of any substantial character"). Accordingly, IPPs fail to allege Jay's "transact[ed] business" of any substantial character in the Transferor Courts. IPPs thus may not rely on Section 12 for venue.

Because IPPs cannot satisfy the venue provision of Section 12, they cannot rely on Section 12 for personal jurisdiction. Under the majority approach, followed in the districts in which IPPs sued Jay's, IPPs may "avail [themselves] of the privilege of nationwide service of process" only if they first "satisfy the venue provisions of Section 12's first clause." *KM Enters.*, 725 F.3d at 730; *Rumble,* 2025 WL 2345076, at *9, 16. IPPs failed to make this showing. Accordingly, IPPs cannot establish personal jurisdiction under Section 12.

### C.   IPPs Have Not Made a Prima Facie Case for Personal Jurisdiction Under the Traditional Due Process Analysis

IPPs have not asserted personal jurisdiction under the traditional due process analysis. But, having failed to establish Section 12 personal jurisdiction, that is IPPs' only remaining option. Here, again, the Transferor Courts lack jurisdiction.

The long-arm statutes of both Wisconsin and Texas "confer jurisdiction to the fullest extent allowed under the due process clause." *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) (quotations omitted); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). The due process clause allows specific personal jurisdiction only if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[5] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S.

---

[5] General jurisdiction is inapplicable because it requires the corporation to be incorporated or have its principal place of business in the forum. *Goodyear*, 564 U.S. at, 924. Jay's is not incorporated or located in Texas or Wisconsin. *See* IPPC ¶ 17.

4908-0052-6987

915, 923 (2011) (quotations omitted). "[A] finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011).

IPPs' allegations fall short of this standard. They allege, at most, that Jay's operated a public website and that an ATA Retail Council meeting occurred in Wisconsin. IPPC ¶¶ 17, 106. As noted above, "[m]erely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create the 'minimum contacts' necessary to establish personal jurisdiction." *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 785 (5th Cir. 2021); *see also Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) ("[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction"); *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549-50 (7th Cir. 2004) ("The exercise of personal jurisdiction based on the maintenance of a passive website is impermissible because the defendant is not directing its business activities toward consumers in the forum state in particular."). Similarly, a non-resident employee attending a single conference in the forum hardly qualifies as the company purposefully availing itself of the forum. *See In re SSA Bonds*, 420 F. Supp. 3d at 231; *Am. Ass'n of Cruise Passengers v. Cunard Line, Ltd.*, 691 F. Supp. 379, 380 (D.D.C. 1987) (holding that plaintiff has not "satisfied the minimum contacts requirement of the Due Process clause" despite "[a]ttendance at a trade association meeting"). Accordingly, IPPs fail to make a prima facie showing of personal jurisdiction as to Jay's in either Wisconsin or Texas.

### D. IPPs Fail to Establish Traditional Venue in the Transferor Courts

Venue under 28 U.S.C. § 1391 is available only if "[IPPs] can establish that personal jurisdiction in the [forum] state … is proper under [the forum state's] long-arm statute." *KM Enters.*, 725 F.3d at 732. As discussed above, IPPs have not done so. Even if IPPs could establish

4908-0052-6987

traditional personal jurisdiction, however, venue still would be improper in the Transferor Courts.[6] In an apparent reference to § 1391 sub-sections (b)(1) and (b)(2), IPPs assert that venue is proper because "at least one of the Defendants resided in and transacted business in this District and because the trade and commerce described herein was and is carried out, in substantial part, in this District." IPPC ¶ 29. Neither sub-section supports venue here.

*First*, IPPs omitted the second clause of § 1391(b)(1). In full, § 1391(b)(1) provides venue in "a judicial district in which any defendant resides, *if all defendants are residents of the State in which the district is located*[.]" § 1391(b)(1) (emphasis added). Not all Defendants in this action are residents of the same "State in which the district is located." *See id.*; *see also e.g.*, IPPC ¶ 17 (Jay's is a Michigan resident); *id.* ¶ 18 (Kinsey's Outdoors, Inc. is a Pennsylvania resident). Accordingly, IPPs cannot establish venue under § 1391(b)(1).

*Second*, IPPs have not pleaded venue under § 1391(b)(2). Section 1391(b)(2) allows a civil action to be brought in "a judicial district in which a substantial part of the events giving rise to the claim occurred." § 1391(b)(2). To determine whether venue is proper under § 1391(b)(2), Tenth Circuit courts consider: (1) "the nature of the plaintiff's claims and the acts or omissions underlying those claims," and (2) "whether substantial 'events material to those claims occurred' in the forum district." *Aspen Corps., Inc. v. Gorman*, No. 18-CV-01325-CMA-SKC, 2019 WL 1281211, at *4 (D. Colo. Mar. 20, 2019) (quoting *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010)). "[T]he suffering of economic harm within a district is not sufficient without more to warrant transactional venue in that district." *Id.* at *6.

IPPs have not established venue under this standard. They do not allege that any events related to the purported conspiracy occurred in Texas. *See generally* IPPC. IPPs do allege that a single ATA Retail Council meeting occurred near Alma, Wisconsin. *Id.* ¶ 106. But there is no

---

[6] Although IPPs have not asserted Section 12 as a basis for venue (*see* IPPC ¶¶ 25-29), as discussed above, IPPs have not—and cannot—satisfy Section 12's venue provision.

4908-0052-6987

allegation that this one alleged meeting in 2018 was somehow integral to a purported conspiracy that allegedly started years earlier and continued for many more years. *See id.* Moreover, a single meeting of some members of a trade association hardly constitutes a "substantial part of the events … giving rise to the claim." *See Akurate Dynamics, LLC v. Carlisle Fluid Techs., Inc.*, No. 6:20-CV-00606-ADA, 2021 WL 860006, at *3 (W.D. Tex. Mar. 8, 2021) ("[A] meeting that is believed to have occurred is paltry. It does not rise to the standard of 'substantial part of the events….'"). IPPs' only remaining alleged connection to their chosen forums is that they allegedly purchased archery products from non-parties somewhere in Wisconsin and Minnesota and online from Texas. IPPC ¶¶ 4-5. At most, these allegations amount to economic harm. *See id.* But merely suffering alleged harm in a district "is not sufficient without more to warrant transactional venue in that district." *See Aspen Corps.*, 2019 WL 1281211, at *6. Accordingly, IPPs also have not established traditional venue under § 1391 and their claims should be dismissed.

## V.    <u>CONCLUSION</u>

For the above reasons, Jay's respectfully requests that the Court dismiss IPPs' Complaint as to Jay's for lack of personal jurisdiction and improper venue.

Dated: March 20, 2026.                                Respectfully submitted,

*/s/ Jeremy J. Stewart*
Jeremy J. Stewart
**Snell & Wilmer LLP**
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
Phone: (801) 257-1865
jjstewart@swlaw.com
*Counsel for Defendant Jay's Outdoors LLC*

10

4908-0052-6987

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2026, I electronically filed the foregoing **Defendant Jay's Outdoors LLC's Motion to Dismiss Indirect Purchaser Plaintiffs' Complaint (ECF 110) for Lack of Personal Jurisdiction and Improper Venue** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Phil Jett*