IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-md-03160-PAB-TPO

MDL No. 3160

IN RE ARCHERY PRODUCTS ANTITRUST LITIGATION

---

**PLAINTIFFS' PROPOSED JOINT SURREPLY**

---

Defendants' reply brief mostly reiterates the same conclusory legal arguments made in their opening motion, none of which merit further comment. Nonetheless, the brief identifies a misstatement in a footnote in Plaintiffs' response. Plaintiffs described a 2015 case before the Ninth Circuit as one in which "a single manufacturer decided to impose MAPs downstream on its own retailers." Pls.' Resp. at 14 n.7 (emphasis omitted) (describing *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186 (9th Cir. 2015)). *Musical Instruments* actually alleged that a single dominant *retailer* used its market power to unilaterally impose MAPs on its upstream *manufacturers*. 798 F.3d at 1196. Plaintiffs apologize to the Court for this oversight.

To be clear, this clarification does not change the substance of Plaintiffs' arguments, including the footnote at issue. In *Musical Instruments*, the impetus for imposing MAPs by upstream manufacturers was the unilateral policy of a single downstream retailer. Unlike *Musical Instruments*, in this case the impetus for the imposition of MAPs by upstream manufacturers was horizontal coordination among competing downstream retailers. The differences are stark.

Moreover, after its brief mention of *Musical Instruments*, the footnote in Plaintiffs' response at issue reiterated the broader point that Plaintiffs' claims of *per se* liability are directly rooted in the Supreme Court's holding in *Leegin*. *See* Pls.' Resp. at 14 n.7 (citing *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 897–98 (2007)). While Defendants' reply spills much ink over the non-binding out-of-circuit decision in *Musical Instruments*, it does not respond at all to Plaintiffs' argument that binding precedent in *Leegin* compels denial of their motion.

Defendants' reply brief also cites to an incorrect standard by claiming that Plaintiffs "must 'tend[] to exclude the possibility' the parties to the venture were acting independently." Defs.' Reply at 1 (quoting *Llacua v. Western Range Ass'n*, 930 F.3d 1161, 1180 (10th Cir. 2019) and *Bell*

1

*Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). In *Llacua*, the Tenth Circuit was quoting in dicta the portion of *Twombly* referencing Plaintiffs' burden "at the summary judgment stage," not the pleading stage. *Twombly*, 550 U.S. at 554. That standard does not apply on a motion to dismiss. *Beltran v. InterExchange, Inc.*, 176 F. Supp. 3d 1066, 1071–72 (D. Colo. 2016) (chiding defendants for conflating these standards); *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 426 (4th Cir. 2015) (explaining that courts "mistakenly" grant motions to dismiss by applying the summary judgment standard).[1] And, even if the "tends to exclude" standard applied at the pleading stage (it does not), that analysis is inapposite when plaintiffs present direct evidence, as they do here. *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 527 F. Supp. 2d 1257, 1297 (D. Kan. 2007) (explaining that when "a plaintiff produces direct evidence of an agreement" it does not need additional evidence tending to exclude independent action).[2]

Thus, the point remains that Plaintiffs' allegations are sufficient to survive dismissal.

---

[1] *See also, e.g.*, *Erie Cnty. v. Morton Salt, Inc.*, 702 F.3d 860, 869 (6th Cir. 2012) (holding that "a plaintiff need not allege a fact pattern that 'tends to exclude the possibility' of lawful, independent conduct" and observing that *Twombly* "nowhere held that the same [summary judgment] standard applies on a motion to dismiss"); *Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 325 (2d Cir. 2010) ("Defendants first argue that a plaintiff seeking damages under Section 1 of the Sherman act must allege facts that tend to exclude independent self-interested conduct as an explanation for defendants' parallel behavior. This is incorrect."); *Flextronics Int'l USA, Inc. v. Panasonic Holdings Corp.*, No. 22-15231, 2023 WL 4677017, at *2 (9th Cir. July 21, 2023) (unpublished) ("the district court erred by requiring Flex to plead facts 'tending to exclude the possibility that defendants acted independently').

[2] *See also, e.g.*, *In re Wellbutrin XL Antitrust Litig.*, 133 F. Supp. 3d 734, 770 (E.D. Pa. 2015) ("Direct evidence of a conspiracy 'obviates the need' for evidence that excludes the possibility of independent action."), *aff'd* 868 F.3d 132 (3d Cir. 2017); *Tunica Web Advert. v. Tunica Casino Operators Ass'n, Inc.*, 496 F.3d 403, 411 n.11 (5th Cir. 2007) (explaining that "direct evidence of agreement necessarily tends to exclude the possibility of independent action"); *Miles Distribs., Inc. v. Specialty Constr. Brands, Inc.*, 476 F.3d 442, 449 (7th Cir. 2007) ("When a plaintiff attempts to defeat summary judgment by highlighting *circumstantial evidence* of a conspiracy, some of the evidence must tend to exclude the possibility that the alleged conspirators acted independently rather than in concert.") (emphasis added).

Dated: June 26, 2026

Respectfully submitted,

*/s/ Eric Olson*
_____

Eric Olson
Noah C. Nix
**Olson Grimsley Kawanabe
Hinchcliff & Murray LLC**
700 17th Street, Suite 1600
Denver, CO 80202
(303) 535-9151
eolson@olsongrimsley.com
nnix@olsongrimsley.com

***Liaison & Trial Counsel for
Direct Purchaser Plaintiffs***

/s/ *Kimberly A. Justice*
_____

Kimberly A. Justice
Matthew W. Ruan
**Justice Jagher London & Millen LLC**
923 Fayette Street
Conshohocken, PA 19428
(610) 632-4500
kjustice@jjlmlaw.com
mruan@jjlmlaw.com

*/s/ Gary I. Smith, Jr.*
_____

Gary I. Smith, Jr.
**Hausfeld LLP**
580 California Street, 12th Floor
San Francisco, CA 94101
(415) 633-1908
gsmith@hausfeld.com

In Kyung (Jane) Shin
Will Hanna
**Hausfeld LLP**
1200 17th Street N.W., Suite 600
Washington, DC 20036
jshin@hausfeld.com
whanna@hausfeld.com
Jacob R Leiken
**Hausfeld LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
(646) 357-1100
jleiken@hausfeld.com

3

/s/ Gregory S. Asciolla

Gregory S. Asciolla
Alexander E. Barnett
Steven L. Groopman
Theodore J. Salem-Mackall*
**DiCello Levitt LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 933-1000
gasciolla@dicellolevitt.com
abarnett@dicellolevitt.com
sgroopman@dicellolevitt.com
tsalemmackall@dicellolevitt.com

*Not barred in New York. Only barred in Washington, DC. Practicing under the supervision of New York attorneys.

/s/ Heidi M. Silton

Heidi M. Silton
Jessica N. Servais
Michael J.K.M. Kinane
**Lockridge Grindal Nauen PLLP**
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
mjkmkinane@locklaw.com

/s/ David W. Kesselman

David W. Kesselman
Amy T. Brantly
Abiel Garcia
**Kesselman, Brantly, Stockinger LLP**
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, CA 90266
(310) 307-4555
dkesselman@kbslaw.com
agarcia@kbslaw.com
abrantly@kbslaw.com

*Co-Lead Class Counsel for
Direct Purchaser Plaintiffs*

/s/ David M. Cialkowski

David M. Cialkowski
Ian F. McFarland
Zachary J. Freese
**Zimmerman Reed LLP**
1100 IDS Center, 80 S. 8th Street
Minneapolis, MN 55402
(612) 341-0400
david.cialkowski@zimmreed.com
ian.mcFarland@zimmreed.com
zachary.freese@zimmreed.com

4

/s/ *Michelle J. Looby*

Michelle J. Looby
Anthony J. Stauber
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 S. Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 659-8979
mlooby@gustafsongluek.com
tstauber@gustafsongluek.com

/s/ *Amanda M. Williams*

Amanda M. Williams
Casey Marshall
**Bassford Remele P.C.**
100 South Fifth Street, Suite 1500
Minneapolis, MN 55402
(612) 333-3000
awilliams@bassford.com
cmarshall@bassford.com

/s/ *Ashlea Schwarz*

Ashlea Schwarz
**Paul LLP**
600 Broadway Boulevard
Suite 600
Kansas City, MO 64105
(816) 984-8100
ashlea@paulllp.com

*Plaintiffs' Steering Committee for
Direct Purchaser Plaintiffs*

/s/ *Michael Montaño*

Michael Montaño
**Guerra LLP**
345 California Street, Suite 600
San Francisco, CA 94104
(726) 336-7693
mmontano@guerrallp.com

*Co-Lead Class Counsel for
Indirect Purchaser Plaintiffs*